[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14162

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM CHRISTOPHER DEMPSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:12-cr-00001-RBD-PRL-1

_____

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant William Dempsey, a federal prisoner serving a 240-month sentence for distributing child pornography, appeals *pro se* the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1]  He argues that the district court was not bound to U.S.S.G. § 1B1.13 when deciding his motion.  Further, Dempsey contends that because his status as the only caregiver for his mother and the threat of COVID-19 constitute extraordinary and compelling reasons for relief, the district court erred in denying his motion.  Dempsey also challenges the district court's dangerousness ruling, arguing that his risk of recidivism is low and that he is rehabilitated.  After reading the parties' briefs and reviewing the record, we affirm the district court's order denying Dempsey's motion for compassionate release.

## I.

We review *de novo* a district court's determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, ___ U.S. ___, 142 S. Ct. 583 (2021).  However, a district court's denial of a prisoner's § 3582(c)(1)(A) motion is reviewed for abuse of

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Id.* (quotation marks omitted).  We liberally construe pleadings filed by *pro se* litigants.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).  However, when a *pro se* defendant offers no argument on an issue on appeal, we consider the argument abandoned.  *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

## II.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions.  18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 2635 (2021).  As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons

> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Thus, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied which are "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement," and the absence of even one forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

Under § 1B1.13's policy statement, in addition to determining that extraordinary and compelling reasons warrant a reduction, the district court must also determine that the defendant is not a danger to the safety of others, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. Under § 3142(g), the district court is to consider the following factors: the nature and circumstances of the offense, including whether the offense involved a minor victim; the weight of the evidence against the defendant; the defendant's history and characteristics, including his past conduct and criminal history; and the nature and seriousness of the danger that would be posed by his release. 18 U.S.C. § 3142(g)(1)-(4).

The commentary to § 1B1.13 lists, as relevant here, a defendant's medical condition and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1(A), (C)). The commentary also contains a catch-all provision for other reasons "[a]s determined by the Director of the [BOP]." *Id.*, comment. (n.1(D)). The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners. Thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. District courts do not have the discretion under the catch-all provision to develop other reasons outside of those listed in § 1B1.13 to reduce a defendant's sentence. *Id.* at 1263-65. Further, "[w]hen denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

## III.

As an initial matter, we conclude that Dempsey's argument that § 1B1.13 is not binding is abandoned because he did not raise this argument below. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004). Regardless, even if we considered the issue, it is without merit because we have held that § 1B1.13 is binding. *See Bryant*, 996 F.3d at 1263-65. Moreover, Dempsey waived any motion for compassionate release based on COVID-19

6                      Opinion of the Court                  20-14162

because he failed to assert this claim in his memorandum on appeal. *See Cunningham*, 161 F.3d at 1344.

As to the merits, the record demonstrates that the district court did not abuse its discretion in finding that Dempsey posed a danger to the community.  In so deciding, the district court properly cited § 3142, and it discussed Dempsey's role in producing child pornography, his fiduciary relationship with the victim, his status as a convicted sex offender, and the danger that he would pose upon his release.  These factual findings are not clearly erroneous given the evidence adduced below regarding his repeated sexual abuse of a young child who lived with him; particularly when Dempsey does not argue that the district court erred in relying on the specific facts of his conviction when making its danger-to-others finding.  The nature and circumstances of his crime were proper factors to consider, including the age of any victim, and Dempsey's assertions on appeal that he wants to salvage his life do not establish an abuse of discretion in the court's weighing of the § 3142(g) factors.  Notably, Dempsey's arguments ignore the underlying offense conduct and the opinion of Dr. Alan Grieco, who had performed a psychosexual evaluation on Dempsey during the underlying criminal proceedings, that Dempsey had a sexual attraction to young girls.

Importantly, because the district court's finding that Dempsey posed a danger to the community precluded relief, we affirm without reaching the parties' arguments regarding whether

20-14162                Opinion of the Court                    7

Dempsey presented extraordinary and compelling reasons for relief or the application of the § 3553(a) factors. *See Giron*, 15 F.4th at 1347.

Based on the aforementioned reasons, we affirm the district court's order denying Dempsey's motion for compassionate release.

**AFFIRMED**.